UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VIRGINIA MCGUIRE, <br><br>　　　　　　　Plaintiff, <br><br>　　v. <br><br>ALLEGRO ACCEPTANCE CORP, *et al.*, <br><br>　　　　　　　Defendants. | Case No. 2:18-cv-01635-MMD-VCF <br><br>ORDER |

**I.　SUMMARY**

Before the Court is Plaintiff's motion for default judgment and attorney's fees and costs (the "Motion") (ECF No. 25) against Defendant Star Loan Management ("SLM").[1] Defendant has not responded. For the reasons stated below, the Court grants the Motion.

**II.　BACKGROUND**

Plaintiff asserts a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, regarding inaccuracies in Plaintiff's SLM account on her Experian June 22, 2017 credit report. (ECF No. 25 at 2-3; ECF No. 1 at 15.) On September 21, 2017, Plaintiff sent Experian a letter disputing the "recent balance" notation of $2,107 as inaccurate and misleading because the debt was discharged in bankruptcy. (ECF No. 25 at 3; ECF No. 1 at 15.) Although Experian notified SLM of the dispute, SLM willfully failed to investigate and to correct the notation in an updated Experian report, violating the FCRA. (ECF No. 1 at 15-17.)

---

[1] Although the Motion violates LR IC 2-2(b) because it seeks two forms of relief that should have been separately filed, the Court nevertheless considers the Motion in the interest of judicial efficiency.

On August 29, 2018, Plaintiff filed her Complaint against SLM (ECF No. 1.) On October 22, 2018, Plaintiff served the Complaint and Summons on SLM (ECF No. 12), but SLM never responded. On June 14, 2019, Plaintiff filed a Motion for Entry of Default. (ECF No. 18), and the Clerk entered default against SLM. (ECF No. 20.)

On June 3, 2020, Plaintiff filed this Motion seeking default judgment and a total of $4,358.50, consisting of $1,000 in statutory damages, $525 in reasonable costs, and $2,833.50 in attorney's fees. (ECF No. 25 at 2.)

**III.     LEGAL STANDARD**

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id*.

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

## IV. DISCUSSION

### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). First, the Clerk properly entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 18.) Second, insofar as SLM has not answered or otherwise responded to the Complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

### B. *Eitel* Factors

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (S.D. Cal. 2002). Here, SLM has not answered, made an appearance, or otherwise responded to the Complaint. Due to SLM's refusal to appear in this action, the possibility of prejudice to Plaintiff in the absence of default judgment is great. If Plaintiff's request for default judgment is not granted, Plaintiff will likely be without other recourse for recovery. Thus, this *Eitel* factor weighs in favor of entering default judgment.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure. *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see* Fed. R. Civ. P. 8. Here, Plaintiff alleges that SLM violated Section 1681-2(b) of the FCRA (ECF No. 1 at 17), which establishes the duties of furnishers[2]—such as SLM—after receiving notice of a dispute regarding consumer credit information. 15 U.S.C. § 1681s-2(b). Upon receiving notice of a dispute from a credit reporting agency ("CRA")—here Experian—the furnisher shall (1) conduct an investigation of the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) if the results of the

---

[2]With exceptions that do not apply here, a furnisher is "an entity that furnishes information relating to consumers to one or more [credit reporting agency] for inclusion in a consumer report." 12 CFR § 1022.41(c).

3

investigation reveal that the information is incomplete or inaccurate, report those results to all other CRAs to which the person furnished information; and (5) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after reinvestigation, for purposes of reporting to a CRA only, as appropriate, modify, delete, or permanently block reporting of that item of information. 15 U.S.C. § 1681s-2(b)(1). According to the Complaint, Plaintiff sent Experian a letter disputing her credit report because her SLM account contained a "recent balance" notation of $2,107, which was inaccurate and misleading because the debt was discharged in bankruptcy. (ECF No. 1 at 15.) *See Riekki v. Bank of Am.,* Case No. 2:15-CV-2312-GMN-VCF, 2016 WL 8737439, at *2 (D. Nev. June 10, 2016); *Mortimer v. Bank of Am.*, N.A., Case No. C-12-01959 JCS, 2013 WL 1501452, at *4 (N.D. Cal. Apr. 10, 2013). Even though Experian notified SLM of the dispute, SLM willfully failed to investigate and to correct the notation in an updated Experian report. (ECF No. 1 at 15-17.) Plaintiff has therefore stated a claim under Section 1681s-2(b) of the FCRA, which favors granting default judgment.

Under the fourth *Eitel* factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendants' conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). Here, Plaintiff seeks $1,000 in statutory damages, plus reasonable costs of $525 and attorney's fees of $2,833.50, totaling $4,358.50. (ECF No. 25 at 2.) *See* 15 U.S.C. § 1681n (providing for maximum statutory damages of $1000, costs, and attorneys' fees for willful noncompliance of the FCRA); *Zaby v. Perfection Collection, LLC*, Case No. 2:19-cv-539-RFB-DJA, 2019 WL 5067184, at *2 (D. Nev. Oct. 9, 2019) (granting default judgment and the FCRA statutory maximum of $1,000 in damages). Therefore, the fourth *Eitel* factor weighs in favor of Plaintiff.

///

The fifth *Eitel* factor considers the possibility of dispute as to any material fact in the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id*. Accordingly, no genuine dispute of material facts would preclude granting Plaintiff's motion for entry of default judgment.

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *Id.* The evidence shows that, on October 22, 2018, Plaintiff served the Complaint and Summons on SLM (ECF No. 12), around eight months prior to the Clerk's Entry of Default on June 18, 2019 (ECF No. 20). Thus, given the extended period of time during which SLM had notice of the Complaint and in which SLM failed to answer or otherwise respond to the Complaint, it is unlikely that SLM's failure to respond and subsequent default resulted from excusable neglect. In fact, SLM has presented no excuse as of date.

The seventh Eitel factor states that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the "mere existence of [Rule 55(b)] demonstrates that this 'preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, SLM's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Thus, the Court is not precluded from entering default judgment against SLM.

Overall, the *Eitel* factors weigh in favor of granting Plaintiff default judgment.

**C.   Attorneys' Fees**

The FCRA provides for attorneys' fees for statutory violations. *See* 15 U.S.C. § 1681n (providing attorneys' fees for willful noncompliance of the FCRA). As stated above, the Court found that Plaintiff stated a claim against SLM for willful violation of Section 1681-2(b) of the FCRA. Plaintiff is therefore entitled to reasonable attorneys' fees.

///

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the Court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The Ninth Circuit set forth the following factors in *Kerr*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted)*; see also Fischer*, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

///

///

### 1. Reasonable Hourly Rate

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley*, 461 U.S. at 433; *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). A rate determined through affidavits is normally deemed to be reasonable. *Blum*, 465 U.S. at 895-96 n.11.

Plaintiff requests reimbursement of her contingent attorneys' fees as follows:

1. An hourly rate of $375 for co-counsel Michael Kind, founding attorney of the law firm of Kind Law, based on his extensive experience in consumer finance litigation.
2. An hourly rate of $495 for co-counsel George Haines, a partner at the law firm of Freedom Law Firm, LLC, based on his 21 years of practicing as a licensed attorney and his experience in consumer finance litigation.

(ECF No. 25 at 12; ECF Nos. 25-1, 25-2.)

Plaintiff's attorneys offer affidavits and billing statements to support the Motion and to demonstrate that the attorneys' fees requested are reasonable under the circumstances. (ECF Nos. 25-1, 25-2, 25-3.) The Court finds that such rates are reasonable.

### 2. Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at

433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Id.* at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

According to Plaintiffs' attached exhibits (ECF Nos. 25-1, 25-2, 25-3), Mr. Kind spent 4.52 hours working on the case for an aggregate of fees totaling $1,695.00. (ECF No. 25-3.) Mr. Haines spent 2.3 hours working on the case for an aggregate of fees totaling $1,138.50. (ECF No. 25-2.) The Court finds that Plaintiffs' attorneys have expended 6.82 hours of labor—a reasonable amount of time—which, multiplied by co-counsels' respective reasonable fees, equals a lodestar of $2,833.50. This Court need not consider the *Kerr* factors to determine what amount, if any, the lodestar should be adjusted. Therefore, the Court grants fees in the amount of $2,833.50.

### D. Costs

Section 1681n(a)(3) of the FCRA allows plaintiffs to recover costs for any successful action to enforce the section for willful violations. 15 U.S.C. § 1681n(a)(3). Here, Plaintiff has submitted an affidavit in support of her request for costs of $400 for the filing fee and $125 for service processing fees, totaling $525. (ECF No. 25-2 at 3.) Thus, the Court grants the Motion as it relates to costs. (ECF No. 25 at 13-14.)

### III. CONCLUSION

It is therefore ordered that Plaintiff's motion for default judgment and attorney's fees and costs (ECF No. 25) is granted.

The Clerk of the Court is directed to enter judgment against Defendant Star Loan Management in the total amount of $4,358.50, consisting of $1,000 in statutory damages, $525 in reasonable costs, and $2,833.50 in attorney's fees.

///

///

The Clerk of Court is further directed to close this case.

DATED THIS 22nd day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE